UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| ELIZABETH MCELROY, as administratrix of the Estate of Jerome C. Russell,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN TIREY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) 6:10-CV-00190-LSC<br>)<br>)<br>)<br>) |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration a motion to dismiss, which was filed by all defendants on September 2, 2010. (Doc. 30.) Plaintiff Elizabeth McElroy, administratrix of the estate of Jerome C. Russell ("Russell"), sued Walker County Sheriff John Tirey, Deputy John Painter, Deputy Daryl Adkins, Deputy Brian Keeton, Deputy Barry Hogan, and Deputy Tim Thomas (collectively, "Defendants"), in their individual capacities, for violations of Russell's Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 ("§ 1983"), and negligence and wantonness under Alabama state law. (Doc.

24.)  Defendants moved to dismiss Plaintiff's claims against them for failure to state a claim and on the grounds of qualified and absolute immunity. Plaintiff has been given an opportunity to review Defendants' arguments in support of dismissal, obtain limited discovery, and file an amended complaint.

The issues raised in Defendants' motion to dismiss have been briefed by the parties and are ripe for decision.  Upon full consideration and for the reasons stated herein, the motion will be granted.

II.   Facts.[1]

On or about December 18, 2007,[2] Walker County deputies had a warrant for the arrest of Jerome C. Russell.  After arriving at Russell's home, deputies Daryl Adkins ("Adkins") and/or James Painter ("Painter") and/or Brian Keeton ("Keeton") and/or Barry Hogan ("Hogan") and/or Tim Thomas ("Thomas") (collectively, "the Deputies") found Russell sitting in a

---

[1]For the purposes of this opinion, the facts are accepted as alleged in the Amended Complaint.  (Doc. 24.)  Recitation of the facts alleged by the plaintiff in this opinion is not to be construed as a verification that the allegations are true.

[2]The Amended Complaint gives the date of December 17, 2007.  However, the exhibits attached to the Amended Complaint show the date as December 18, 2007.  The exact date is not relevant to the outcome of this decision.

chair, unconscious, with a knife blade protruding from his chest. According to Plaintiff, the Deputies did not all arrive at once, but "came in some order." (Doc. 24 ¶ 10.) The Deputies believed Russell was dead. After an unknown period of time, "someone" noticed that Russell was still alive. (*Id.* ¶ 11.) An ambulance was called, but Plaintiff does not contend how much time elapsed before the call or whether the call for the ambulance was made prior to forming the belief Russell was dead, when the Deputies thought Russell was deceased, or after realizing Russell was still alive. (*Id.*, Ex. B.) Russell was transported to UAB Hospital, where he subsequently died from his chest wound. Plaintiff alleges that delay in treatment was the proximate cause of Russell's death.

II.   Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). "When considering a motion to dismiss, all facts set forth in the

plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"[3] *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555

---

[3] Plaintiff alleges facts in her memorandum in opposition to dismissal that are not included in the Amended Complaint.  (Doc. 33.)  She also attaches exhibits to the memorandum that were not filed with the Amended Complaint.  Because these additional allegations and exhibits are not a part of the pleadings, they were not considered by the Court.  However, the Court notes that if the additional facts and exhibits were appropriate for consideration, they would not have changed the outcome of this decision.

(2007)(internal citations omitted).[4]  The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 570.  Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.*

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  And, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Therefore, the U.S. Supreme Court suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any

---

[4]In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *Bell Atl. Corp.*, 550 U.S. at 560-63.  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1951-52). However, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).

III.   Discussion.

Defendants argue that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and Plaintiff's § 1983 claims against them are due to be dismissed on the basis of qualified and absolute immunity.

"Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). There is no dispute in this case that the defendants acted under color of state law. The parties disagree, however, whether Plaintiff has sufficiently alleged facts to support the claim that Defendants' conduct deprived Russell of his Eighth or Fourteenth Amendment rights.

In the Amended Complaint, Plaintiff maintains that Russell was in the "care, custody, and control" of the Deputies (Doc. 24 ¶ 16), and that he was a "pretrial detainee or a prisoner" (*Id.* ¶ 20). The Eighth Amendment "applies only to confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985). "The State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40

(1977)). Because it is not alleged that Defendants held Russell subsequent to a conviction, his constitutional rights arise from the Due Process Clause of the Fourteenth Amendment. *See id*. at 1572-73. However, the Court may analyze a pre-conviction detainee's[5] Due Process claim using the Eighth Amendment standard; "certainly states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights." *Halle*, 50 F.3d at 1582 n.4.

"It is well settled that '[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.'" *Id*. at 1582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). Therefore, in order to survive a motion to dismiss, Plaintiff must allege sufficient facts to establish: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."

---

[5] Defendants dispute Plaintiff's assertion that Russell was a "detainee," given the facts in this case. (Doc. 31 at 7.) For the purposes of this opinion, the Court takes Plaintiff's allegation as true. However, Plaintiff concedes that if Russell was not in the custody of the defendants, in order to establish a Fourteenth Amendment violation, she would be required to show that the defendants' conduct was, *at the very least*, deliberately indifferent to Russell's great risk of serious injury. *Waddell v. Hendry Cnt. Sheriff's Office*, 329 F.3d 1300, 1306 (11th Cir. 2003). (Doc. 33 at 8-9.) Because the Court concludes that Plaintiff failed to allege sufficient facts to support the contention that Defendants acted with deliberate indifference to Russell's serious medical needs in a custodial context, that holding also applies to mandate dismissal of a non-custodial claim.

*Id*. "Deliberate indifference" requires a subjective element. "[T]o demonstrate an official's deliberate indifference, a plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" *LaMarca v. Turner*, 995 F.2d 1526, 1536 (11th Cir. 1993) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 652 (7th Cir. 1985)). In the medical context, the "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Moreover, in order to prevail against each of the defendants in their individual capacities, Plaintiff must allege facts showing "that they were personally involved in acts or omissions that resulted in the constitutional deprivation." *Halle*, 50 F.3d at 1582.

After setting aside Plaintiff's formulaic recitations and legal conclusions, it is clear that the factual allegations in the Amended Complaint are insufficient to support the claim that each of the defendants acted with deliberate indifference to Russell's serious medical needs. Plaintiff alleges that the Deputies arrived at Russell's home and "failed to

recognize the fact that Russell was not dead, but was alive." (Doc. 24 ¶ 9.) Plaintiff further alleges that when "someone[] noted that Russell was not deceased but still alive," Russell was "transported to medical care." (*Id.* ¶ 11.) Negligent diagnosis or treatment of a medical condition "does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. There are no factual allegations that any of the defendants, knowing Russell was alive and in need of medical assistance, individually acted (or failed to act) in a manner that deprived Russell of medical care.[6] In fact, the allegations are the opposite: when it became apparent that Russell was alive, he received medical treatment. Because Plaintiff fails to allege sufficient facts to support the claim that Defendants'

---

[6] Plaintiff does not allege that Sheriff John Tirey was present at Russell's home on the date at issue. Rather, Plaintiff argues that Sheriff Tirey can be held liable as a supervisor for the actions of his subordinates. "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (internal quotations and citation omitted). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Because Plaintiff failed to plead sufficient facts to support a plausible underlying constitutional violation by the Deputies, her claims against Sheriff Tirey must also be dismissed.

conduct deprived Russell of any federal or constitutional rights, her § 1983 claims must be dismissed.

Plaintiff does not oppose Defendants' contention that they are entitled to absolute immunity with regard to her Alabama state law claims of negligence and wantonness. "Under Alabama law, sheriffs and deputy sheriffs, in their official capacities and individually, are absolutely immune from suit when the action is, in effect, one against the state." *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996) (citing *Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989)). "[A]n action against a sheriff-or a deputy sheriff-for damages arising out of the performance of his duties is "'essentially a suit against the state.'" *Ex parte Blankenship*, 893 So. 2d 303, 305 (Ala. 2004). It is undisputed that Plaintiff's state law claims for damages against the defendants relate to actions or omissions undertaken in the performance of their duties as police officers. Accordingly, Plaintiff's negligence and wantonness claims will also be dismissed.

IV.  Conclusion.

For the reasons stated above, Defendants' motion to dismiss will be granted in its entirety. A separate order will be entered.

Done this <u>19th</u> day of <u>October 2010</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
<span>139297</span>